# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# EASTERN DIVISION
# Civil Action No. 4:20-cv-205

MICHAEL PATRICK,

    Plaintiff,

v.

WALMART, INC., SAM'S WEST, INC. d/b/a SAM'S CLUB

    Defendants.

**COMPLAINT**

Plaintiff Michael Patrick ("Patrick" or "Plaintiff") hereby complains and alleges against Defendant Walmart, Inc. and Sam's West, Inc. d/b/a Sam's Club ("Walmart" or "Defendants") the following:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Defendants for discrimination based on disability and/or perceived disability in violation of Title I of the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12111, *et seq.*, as amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA").

2. Plaintiff further brings this action against Defendants for interference and retaliation under the Family Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq.* ("FMLA").

## JURISDICTION AND VENUE

3. This action arises under federal statutes including the ADAAA and the FMLA. This Court has jurisdiction over this matter pursuant to 28 U.S.C.§ 1331 because the claims brought herein constitute a federal question under the laws of the United States.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because Plaintiff resides in this District and Defendants conduct business in this District.

5. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about March 5, 2020 on the basis of disability discrimination and Defendants' retaliation against him for taking his medical leave of absence. The EEOC issued a Notice of Right to Sue on August 20, 2020.

## THE PARTIES

6. Plaintiff, Michael Patrick is, and at all relevant times has been, a citizen and resident of Ayden, North Carolina.

7. Defendant Walmart, Inc. has a registered address in Raleigh, North Carolina, and is an employer within the meaning of the relevant laws and statutes.

8. Defendant Sam's West, Inc. d/b/a Sam's Club has a registered address in Raleigh, North Carolina, and is an employer within the meaning of the relevant laws and statutes.

## GENERAL ALLEGATIONS

9. Plaintiff was hired Defendants in April 2015 and was transferred to Sam's Club, a subsidiary of Walmart, Inc., in November 2018 as a warehouse forklift operator and overnight manager.

10. On or about May 15, 2019, Plaintiff was involved in an accident at work when a hydraulic hose combusted directly in front of his face.

11. Plaintiff, assuming his injuries were temporary, continued to work for a short period of time and sought medical treatment toward the end of May when his symptoms had not dissipated.

12. After the accident, Plaintiff was subsequently diagnosed with post-concussion syndrome, migraines, visual loss, exposure to hazardous chemicals, and strain of muscle, fascia and tendon at neck level.

13. Plaintiff was cleared to return to work beginning June 5, 2019 with the following restrictions: no jumping, climbing, no lifting over shoulder, no lifting from waist to shoulder greater than 20 pounds, no lifting below the waist greater than 20 pounds, no pushing or pulling greater than 40 pounds, and no loud noise level.

14. Walmart refused to allow Plaintiff to return to work with the above restrictions at that time.

15. Unable to immediately return to work, Plaintiff utilized his FMLA benefits until August 2019.

16. Walmart's disability and leave program administrator, Sedgwick, issued a Return to Work Certification on August 23, 2019 for Plaintiff to return on August 26, 2019 with climbing, communicating, and visual restrictions, and recommended reasonable accommodations for desk work or floor work in a quiet environment, without climbing or excessive noise.

17. Plaintiff was again told by Walmart that he was not allowed to return to work with these restrictions and that he could not return unless he was completely recovered.

18. Eager to return to work, Plaintiff requested and received another release to return to work without restrictions from his treating physician.

19. Per his treating physician, this request included intermittent leave upon Plaintiff's return. Plaintiff was cleared to return to work on September 19, 2019 with no restrictions, but with intermittent leave as needed for headaches up to four days per week.

20. Walmart once again denied Plaintiff's return to work, unwilling to permit a reasonable accommodation of intermittent leave as needed, and unwilling to engage in the interactive process.

21. Plaintiff was forced to use his Short Term Disability (providing only a percentage of his full income), as well as his Paid Time Off in order to receive wages.

22. Plaintiff inquired about several other available positions that met the recommended work accommodations, but Defendants again refused to engage in the interactive process.

23. On or about February 25, 2020, Plaintiff received a phone call from his employer stating that effective February 29, 2020, one manager position per store would be eliminated and that since Plaintiff was on medical leave, his tenure had been revoked and that he was therefore going to be terminated.

24. Plaintiff contacted Leanne Kline, a service manager with Sam's Club, to confirm, and she was unaware of this elimination. Ms. Kline advised that she would look into the situation and let him know. Plaintiff attempted numerous times to follow up with Ms. Kline, but never received any further information.

25. Having eliminated Plaintiff's manager position and failing to offer any alternative position, Defendants thereafter extended Plaintiff's unpaid medical leave through May 28, 2020.

26. On or about July 21, 2020, Defendants offered Plaintiff an entry-level position with substantially lower pay and with less favorable work hours than Plaintiff enjoyed as manager. Defendants gave Plaintiff 24 hours in which to accept or decline the position.

**FIRST CLAIM FOR RELIEF**
**Disability Discrimination**
**Violation of Americans with Disabilities Act of 1990, as Amended**
**42 U.S.C. § 12111, et seq.**

26. The allegations contained in the foregoing paragraphs are incorporated by reference herein.

27. At all relevant times, Defendants were an "employer" as defined by the ADAAA, 42 U.S.C § 12111, et seq.

28. At all relevant times, Plaintiff was an "employee" as defined by the ADAAA, 42 U.S.C § 12111, et seq.

29. In doing the acts alleged herein, Defendants violated the ADAAA. Due to Plaintiff's actual or perceived disability, Defendants took adverse employment actions against Plaintiff by terminating his position, refusing to accommodate Plaintiff's work restrictions, and failing to offer any alternative employment. 42 U.S.C. § 12112(a).

30. Prior to and at the time that Defendants terminated Plaintiff's position, Plaintiff was qualified for the positions he held and/or sought.

31. Defendants' discriminatory actions included, but were not limited to (1) limiting, segregating, or classifying Plaintiff in a way that adversely affected his opportunities or status because of his actual or perceived disability within the meaning of § 12112(b)(1); (2) utilizing standards, criteria, or methods of administration that have the effect of discrimination on the basis of disability within the meaning of § 12112(b)(3)(A); (3) using qualification standards, employment tests, or other selection criteria that screened out or tended to screen out individuals with disabilities, despite the fact that doing so was not consistent with business necessity, within the meaning of § 12112(b)(6); (4) failing to reasonably accommodate Plaintiff in violation of 42 U.S.C. §12112(b)(5)(A), even though the accommodation would not impose an undue hardship on Defendants; and (5) terminating Plaintiff's position.

32. Plaintiff has been damaged by Defendants' violation of the ADAAA inasmuch as Plaintiff has been unable to use his education and training and has suffered loss of past and future wages and benefits, loss of professional opportunities, emotional distress, and mental pain and anguish.

33. Plaintiff is entitled to his attorneys' fees and costs incurred in this matter pursuant to 42 U.S.C. § 12205.

34. Plaintiff is further entitled to any and all relief permitted under the ADAAA, 42 U.S.C. § 12117(a), including equitable relief.

## SECOND CLAIM FOR RELIEF
### Interference and Retaliation
### Violation of FMLA

35. The allegations contained in the foregoing paragraphs are incorporated by reference herein.

36. At all times relevant herein, Plaintiff was an "employee" with the definition of FMLA, 29 U.S.C. § 2611(2)(A).

37. At all times relevant herein, Defendants have been an employer within the meaning of FMLA, 29 U.S.C. § 2611(4)(A) on the basis that it employs more than 50 employees.

38. Plaintiff engaged in protected activity by requesting medical leave.

39. Defendants took adverse actions against Plaintiff, including but not limited to, terminating his position, refusing to accommodate Plaintiff's work restrictions, and failing to offer any alternative employment.

40. Defendants' adverse employment actions were causally connected to Plaintiff's protected activity, as shown by the proximity in time between the protected request for FMLA leave and the adverse employment actions.

41. Plaintiff has suffered damages because of Defendants' unlawful conduct violating the FMLA.

42. Defendants' violation of the FMLA, 29 U.S.C. § 2615(a)(2), by interfering with FMLA rights and retaliating against Plaintiff because he engaged in protected activity under the FMLA, was willful and/or lacking in good faith.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury.

*/s/ L. Michelle Gessner*
L. Michelle Gessner, NC State Bar No. 26590
GESSNERLAW, PLLC
1213 Culbreth Drive, Suite 426
Wilmington, North Carolina 28405
Telephone: 1.844.GESSNER; Fax: (980) 206-0286
E-Mail: michelle@mgessnerlaw.com

*Attorney for Plaintiff*